UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :
                                  :    SEALED INDICTMENT
        -v-                       :
                                  :    21 Cr. _____
DEREK JONES,                      :
                                       21 CRIM 059
            Defendant.            :
                                  :
- - - - - - - - - - - - - - - - - x

## COUNT ONE
(Wire Fraud)

The Grand Jury charges:

### Overview

1.  As set forth more fully below, from at least in or about 2012 through at least in or about 2019, DEREK JONES, the defendant, ran an investment fraud scheme that defrauded victims out of at least approximately $4.5 million. JONES, an attorney licensed in California at all times relevant to this Indictment, solicited and obtained the investments for various companies and investment funds he controlled, including entities related to the purported real estate development and investment firm BlueRidge Realty ("BlueRidge") and to the purported venture capital firm Realize Holdings ("Realize").

2.  To induce victims to invest, DEREK JONES, the defendant, routinely made materially false oral and written

1

statements, including lies about the assets of BlueRidge and Realize. For example:

   a. On or about February 9, 2016, JONES sent an individual ("Investor Victim-1") a BlueRidge "Investor Bulletin" brochure dated year-end 2015. The brochure claimed, among other things, that construction was underway on a "wellness-inspired resort village" on a particular BlueRidge property in Washington State ("The Washington State Property"), and that BlueRidge expected to begin selling residential units on the site later in 2016. In fact, however, neither BlueRidge nor JONES owned or controlled the Washington State Property, let alone had begun developing the property into a "resort village." In or about March 2016, based at least in part on false representations made by or at the direction of JONES, Investor Victim-1 and Investor Victim-1's spouse invested approximately $200,000 in BlueRidge.

   b. On or about February 1, 2018, JONES sent another individual ("Investor Victim-2") what appeared to be an account statement for a particular bank account held by a Realize entity ("Realize Bank Account-1"). According to the account statement, Realize Bank Account-1 had a balance of more than $7 million as of on or about January 31, 2018. In fact, however, Realize Bank Account-1 had a negative balance of approximately $268.71 as of on or about January 31, 2018. On or about February 6, 2018,

based at least in part on false representations made by or at the direction of JONES, Investor Victim-2 invested approximately $25,000 in Realize.

3. Without investors' knowledge or authorization, DEREK JONES, the defendant, misappropriated investments and used the misappropriated funds to, among other things, transfer funds to himself or relatives, pay tuition for a private school attended by one or more of his children, and make Ponzi-like payments to other investors.

4. To prolong and conceal the fraud scheme, DEREK JONES, the defendant, regularly told lies designed to avoid meetings with or inquiries from victims. For example, in explaining his failure to respond promptly to questions or his reason for postponing an upcoming meeting, JONES falsely told different investors--on different occasions--that one of his relatives was in poor health.

5. During and in relation to the investment fraud scheme, DEREK JONES, the defendant, used, without authorization, the names of other individuals to communicate via email with investors and thus foster the illusion that JONES's companies were viable operations with real employees. For example:

    a. In or about 2016, JONES sent investors emails purportedly from a BlueRidge employee ("Identity Theft Victim-

3

1"). Identity Theft Victim-1 had occasionally worked for JONES as a bookkeeper from in or about 2013 until in or about September 2015, but did not send emails to JONES's investors or even work for JONES or BlueRidge when the emails purportedly from Identity Theft Victim-1 were sent in or about 2016. Identity Theft Victim-1 did not authorize JONES to assume Identity Theft Victim-1's identity in communications with investors.

      b.    In or about 2017 and 2018, JONES sent investors emails purportedly from a Realize employee ("Identity Theft Victim-2"). Identity Theft Victim-2 had worked for JONES as a part-time personal assistant in or about 2015 and 2016, but did not send emails to JONES's investors or even work for JONES or Realize when the emails purportedly from Identity Theft Victim-2 were sent in or about 2017 and 2018. Identity Theft Victim-2 did not authorize JONES to assume Identity Theft Victim-2's identity in communications with investors.

<u>Statutory Allegations</u>

    6.    From at least in or about 2012 through at least in or about 2019, in the Southern District of New York and elsewhere, DEREK JONES, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false

4

and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, JONES fraudulently induced investors to send funds to entities he controlled, including by misrepresenting what assets his companies and investment funds held and how invested funds would be used, and in connection therewith and in furtherance thereof, JONES transmitted and caused to be transmitted interstate wire transfers and emails, including wire transfers and emails through the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2.)

COUNT TWO
(Aggravated Identity Theft)

The Grand Jury further charges:

7.   The allegations in paragraphs 1 through 5(b) of this Indictment are repeated and realleged as if fully set forth herein.

8.   In or about 2016, in the Southern District of New York and elsewhere, DEREK JONES, the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United

5

States Code, Section 1028A(c), to wit, in connection with the wire fraud offense charged in Count One of this Indictment, JONES transferred, possessed, and used, and aided and abetted the same, without lawful authority, the name and identity of Identity Theft Victim-1, an individual JONES had previously employed as a part-time bookkeeper.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), and 2.)

## COUNT THREE
(Aggravated Identity Theft)

The Grand Jury further charges:

9.  The allegations in paragraphs 1 through 5(b) of this Indictment are repeated and realleged as if fully set forth herein.

10. From at least in or about 2017 until at least in or about 2018, in the Southern District of New York and elsewhere, DEREK JONES, the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, in connection with the wire fraud offense charged in Count One of this Indictment, JONES transferred, possessed, and used, and aided and abetted the same, without lawful authority, the

name and identity of Identity Theft Victim-2, an individual JONES had previously employed as a part-time personal assistant.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), and 2.)

## FORFEITURE ALLEGATION

11.  As the result of committing the offense alleged in Count One of this Indictment, DEREK JONES, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of such offense.

### Substitute Asset Provision

12.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(i) cannot be located upon the exercise of due diligence;

(ii) has been transferred or sold to, or deposited with, a third person;

(iii) has been placed beyond the jurisdiction of the Court;

(iv) has been substantially diminished in value; or

(v) has been commingled with other property which cannot be subdivided without difficulty;

7

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

        (Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

AUDREY STRAUSS
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

DEREK JONES,

Defendant.

### SEALED INDICTMENT

21 Cr. _____

(18 U.S.C. §§ 1343, 1028A(a)(1), 1028A(b), 1028A(c)(5), and 2.)

AUDREY STRAUSS
United States Attorney

*[signature]*
Foreperson