# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

September 14, 2021

By ECF



Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:  *United States v. Derek Jones*, S1 21 Cr. 59 (LAP)**

Dear Judge Preska:

In anticipation of his November 8, 2021 trial in the above-captioned case, Mr. Jones respectfully requests the Court's authorization for defense counsel and counsel for the government to confer with the Jury Administrator for the Southern District of New York and obtain various jury-selection records. These records are necessary to enforce Mr. Jones's fair cross-section rights under the Sixth Amendment and under the Federal Jury Selection and Service Act (JSSA), 28 U.S.C. §§ 1861 through 1867. The government does not oppose this application.

Mr. Jones seeks:

- All data for the Master Wheel that will be used to summon potential jurors in this case;
- All data for the Qualified Jury Wheel that will be used to summon potential jurors in this case;
- All jury-wheel data, including demographic data, to be provided to the Government and defense in *United States v. Delowar Mohammed Hossain*, 19 Cr. 606 (SHS), a case scheduled for trial in this District on September 29, 2021;
- The randomized, anonymous juror numbers of the persons summoned (or to be summoned) as potential jurors in this case;
- Completed versions of the SDNY's Supplemental Juror Questionnaire concerning COVID-19 for the persons summoned (or to be summoned) as potential jurors in this case; and

Hon. Loretta A. Preska                                    Page 2 of 4

- Any other order of the Court or Chief Judge adjusting jury procedures because of COVID-19.

SO ORDERED

LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

9/20/21

Undersigned counsel submits that some of the requested data has already been disclosed to the statistician retained by the Federal Defenders of New York in connection with fair cross-section litigation in other cases in this District. However, we ask that the Court enter the attached motion making clear that the parties are authorized to obtain and inspect all requested jury-selection data, regardless of whether such data overlaps with that previously disclosed in other cases.

**A. Mr. Jones has a clearly established constitutional and statutory right to a petit jury selected from a fair cross-section of the Southern District of New York.**

The Supreme Court has consistently interpreted the Sixth Amendment right to trial by an impartial jury to require a petit jury that is indifferent and selected from a fair cross-section of the community: "In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors," *Irvin v. Dowd*, 366 U.S. 717, 723 (1961), and "a fair possibility for obtaining a jury constituting a representative cross section of the community." *Taylor v. Louisiana*, 419 U.S. 522, 529 (1975). As the Court explained in *Taylor*, "The unmistakable import of this Court's opinions … is that the selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial." 419 U.S. at 528–29.

Federal legislation governing jury selection within the federal court system has a similar thrust. In enacting the JSSA, Congress stated: "It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. In that Act, Congress also established the machinery by which the stated policy was to be implemented (28 U.S.C. §§ 1862 through 1866) and also established a procedure for challenging compliance with the selection rules. 28 U.S.C. § 1867.

**B. Mr. Jones requires access to the records he seeks in order to prepare a motion concerning non-compliance with his constitutional and statutory entitlement to a petit jury drawn from a fair cross-section of the community.**

With respect to criminal cases and the JSSA, before voir dire begins, a defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the JSSA's provisions in selecting the grand or petit jury. 28 U.S.C. § 1867(a). And during the preparation of a motion challenging compliance with the fair cross-

section requirement, the parties in a criminal case "shall be allowed to inspect, reproduce, and copy" records relevant to his claim. § 1867(f). "This provision makes clear that a litigant has essentially an unqualified right to inspect jury lists." *Test v. United States*, 420 U.S. 28, 30 (1975) ("[A]n unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'") (quoting 28 U.S.C. § 1861). "Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." *Id.*

Crucially, in order to invoke the right to inspect under 28 U.S.C. § 1867(f) and "avail himself" of the "right of access to otherwise nonpublic jury selection records, a litigant need only allege that he is preparing a motion challenging the jury selection procedures." *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted). A defendant's motion may not be denied because it is unsupported by a "sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of the Jury Selection Act." *United States v. Marcano-Garcia*, 622 F.2d 12, 18 (1st Cir. 1980) (citations omitted). Nor may a motion to inspect be denied because the defendant fails to allege facts which show a "probability of merit in the proposed jury challenge." *United States v. Beaty*, 465 F.2d 1376, 1380 (9th Cir. 1972). *See also United States v. Gotti*, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that information would reveal a violation) (unreported).

Here, like any other litigant considering a challenge under the Sixth Amendment and JSSA to the composition of his petit jury, Mr. Jones is entitled to inspect the records that he and our retained statistician require to prepare a motion. Indeed, any JSSA motion filed before voir dire commences is timely, assuming it is filed within seven days after the grounds for such a motion are diligently discovered. 28 U.S.C. § 1867(a). Once the requested records are obtained, the Federal Defenders's retained statistician will analyze them expeditiously to determine whether the jury plan procedures violate Mr. Jones's right to a jury "selected at random from a fair cross section of the community." 28 U.S.C § 1861; *see also* 28 U.S.C. §§ 1863(b)(3), 1866(f).

Hon. Loretta A. Preska                                        Page 4 of 4

Thank you for your attention to this request.

Respectfully submitted,

/s/ Jonathan Marvinny
Jonathan Marvinny
Assistant Federal Defender
212.417.8792
jonathan_marvinny@fd.org

cc:   David Raymond Lewis, Esq.
      Michael C. McGinnis, Esq.
      Assistant United States Attorneys