UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    Plaintiff,

     -against-

DEREK JONES,

                    Defendant.

No. 21-CR-59 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

   Before the Court is Defendant Derek Jones's motion (dkt. nos.
62, 65, 74) seeking reconsideration of the Court's Order denying
Mr. Jones's motion to transfer venue to the Central District of
California (see dkt. no. 37).[1]  In the alternative, Mr. Jones
requests that the Court adjourn trial until after February 4,
2022 (see dkt. nos. 62, 65, 74).  The Government opposes the
motion (see dkt. nos. 64, 75).  The Court assumes the parties'
familiarity with the facts and procedural history of the case.
For the reasons set forth below, Defendant's motion is DENIED.

## I.   Legal Standard

     "A motion for reconsideration is an extraordinary remedy to
be employed sparingly in the interests of finality and
conservation of scarce judicial resources."  Drapkin v. Mafco

---

[1] (Order ("Order"), dated August 5, 2021 [dkt. no 37].)

Consol. Grp., Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)
(citation and internal quotation marks omitted).

"While the Federal Rules of Criminal Procedure do not
provide for reconsideration motions, such motions are tacitly
accepted in criminal cases in this District by virtue of Local
Crim. R. 49.1(d)."  United States v. Baldeo, No. S1 13 Cr. 125
(PAC), 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015).  That
rule enables a movant to file "[a] motion for reconsideration
. . .  within fourteen (14) days after the Court's determination
of the original motion" upon a "memorandum setting forth
concisely the matters or controlling decisions which counsel
believes the Court has overlooked shall accompany the motion."
Local Crim. R. 49.1(d).

"The standards for reconsideration among the civil and
criminal rules are largely the same."  United States v.
Daugerdas, No. 09 Cr. 581, 2020 WL 4931988, at *2 (S.D.N.Y. Aug.
18, 2020) (quoting United States v. Lisi, No. 15 Cr. 457 (KPF),
2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020).)  "The standard
for granting such a motion is strict, and reconsideration will
generally be denied unless the moving party can point to
controlling decisions or data that the court overlooked--
matters, in other words, that might reasonably be expected to
alter the conclusion reached by the court."  Glob. View Ltd.

Venture Cap. v. Great Cent. Basin Expl., L.L.C., 288 F. Supp. 2d
482, 483 (S.D.N.Y. 2003) (quoting Shrader v. CSX Transp., Inc.,
70 F.3d 255, 257 (2d Cir. 1995); see also Local Crim. Rule
49.1(d) (requiring a party seeking reconsideration to "set[]
forth concisely the matters or controlling decisions which
counsel believes the Court has overlooked").  Such motions "are
properly granted only if there is a showing of: (1) an
intervening change in controlling law; (2) the availability of
new evidence; or (3) a need to correct a clear error or prevent
manifest injustice."  See Drapkin, 818 F. Supp. 2d at 696
(citing Bergerson v. New York State Office of Mental Health, 652
F.3d 277, 288-89 (2d Cir. 2011)).  "Where a motion restates
arguments already presented or attempts to advance new facts,
however, the motion for reconsideration must be denied."  United
States v. Alvarez-Estevez, No. 13 Cr. 380 (JFK), 2014 WL
12681364, at *1 (S.D.N.Y. Nov. 6, 2014) (citation and internal
quotation marks omitted).

## II.  Discussion

### i.   Motion for Reconsideration

To start, Mr. Jones's first letter filed on October 7, 2021
(dkt. no. 62) in response to the Court's August 5, 2021 order
(dkt. no. 37), is late.  In accordance with Local Crim. R.
49.1(d), motions for reconsideration must be filed within 14
days of the Court's determination of the original motion.  While

3

courts retain the "discretion to excuse an untimely filing," the Court will not do so here.  See Lisi, 2020 WL 1331955, at *1.

In addition to making an untimely filing, Mr. Jones points to no legal reason or controlling decision that would call for reconsideration of the Court's original determination.  Instead, he argues for reconsideration based on (1) the scheduled trial dates for his family court case; (2) the outcome of mediation with his former spouse regarding custody of their children; (3) Witness-1's inability to travel to New York due to medical issues; and (4) Witness-2's inability to travel to New York due to medical issues.  (See dkt. nos. 62 at 1; 74 at 1.)  None of Mr. Jones's arguments regarding these developments is persuasive.

As to (1), Mr. Jones cites to the scheduled trial dates-- January 31, 2022 and February 1, 2022--for his family court case in Los Angeles as a reason to reconsider the Court's order.  Mr. Jones argues that being away from his children to attend this trial will be held against him during his subsequent family court trial.  (See dkt. no. 62 at 6.)  The fact that the family court scheduled Mr. Jones's trial date is not new evidence warranting reconsideration of the Court's prior order.  The Court already directly acknowledged Mr. Jones's pending family court case in its prior order and previously stated that, even

if this case was tried in California, Mr. Jones's children would need to be in Mr. Jones's former spouse's custody during the trial.  (See Order at 7.)  Moreover, Mr. Jones provides no evidence that the family court will prejudice him for attending trial here.  In any case, such prejudice appears unlikely given the family court's denial of at least one application to terminate Mr. Jones's custodial rights based on the criminal charges he faces here.  (See Order at 7; see also dkt. no. 35 at 2.)  While the Court remains sympathetic to Mr. Jones's situation, there is no reason to reconsider the Court's prior order on this basis.

As to (2), Mr. Jones raises similar arguments regarding potential prejudice against him in future custody negotiations. Mr. Jones argues that because he and his former spouse failed to reach an agreement in mediation regarding his request that his attendance at this trial would not be held against him in future custody negotiations, there is a "real risk" that either the family court will hold his attendance at this trial against him or that his former spouse will abrogate their custody agreement upon the completion of his trial here.  (See dkt. no. 62 at 4.) As previously stated, Mr. Jones provides no evidence that the family court will prejudice him for attending this trial; moreover, Mr. Jones's argument that his former spouse will abrogate her custody agreement upon the conclusion of this trial

is conjecture.  His "speculations of what may happen in the future does not present new evidence or law that would affect how the Court originally ruled."  See In re Iraq Telecom Ltd., No. 18 MC 458 (LGS)(OTW), 2019 WL 5080007, at *2 (S.D.N.Y. Oct. 10, 2019) (citing Adeghe v. Janssen Pharm. Inc., No. 16 CV 2235 (LGS), 2017 WL 4839063, at *1 (S.D.N.Y. Oct. 24, 2017)).  Accordingly, reconsideration is not warranted on this basis.

As to (3), Mr. Jones provides no evidence regarding Witness-1's medical condition, such as records identifying: (1) Witness-1's anti-seizure medications, (2) when Witness-1 began taking the anti-seizure medications, and (3) how Witness-1's health will improve such to allow him or her travel by early 2022.  (See dkt. no. 62 at 4-5.)  Mr. Jones argues that Witness-1 is one of his "most critical trial witnesses"; however, he provides no detail as to the uniqueness of Witness-1's testimony beyond stating that Witness-1 will testify concerning "his involvement in Realize Ventures" where he "worked closely with Mr. Jones."  (See dkt. 62 at 4.)  Moreover, the Government informed Mr. Jones that Witness-1 may testify by remote video.  (See dkt. no. 64 at 2.)  In reply, Mr. Jones did not address why this solution would be inadequate.  Because Mr. Jones may call Witness-1 to testify via live videoconference, there is no reason to reconsider the Court's prior order on this basis, either.

As to (4), while Mr. Jones states that Witness-2 is currently hospitalized following a stem cell transplant, Mr. Jones does not provide detail as to the uniqueness of Witness-2's testimony beyond stating that Witness-2 "provided extensive architectural and engineering services to Mr. Jones over several years in regard to multiple real estate projects that will be the subject of trial."  (See dkt. no. 74 at 1.) Specifically, Mr. Jones does not explain how Witness-2's testimony would counter the Government's claims that Mr. Jones carried out a fraudulent investment scheme.  In fact, the Government "does not contend that defendant undertook no work in connection with his purported real estate projects."  (See dkt. no. 75 at 1.)  Given the Government's position that Witness-2's proffered testimony has minimal probative value, the Government is willing to agree to a possible limited testimonial stipulation if Mr. Jones provides a proffer of the proposed testimony.  (Id.)  Alternatively, the Government agrees that Witness-2 may testify by remote video.  (Id.)  For these reasons, Witness-2's health issues do not warrant reconsideration of the Court's prior order.

Accordingly, the Court declines to reconsider its denial of Defendant's motion to transfer venue to the Central District of California.

### ii.  Motion to adjourn

In the alternative, Mr. Jones requests that the Court adjourn trial until a date after February 4, 2022.  (See dkt. no. 62 at 6-8.)  Mr. Jones argues that an adjournment is needed because (1) Mr. Jones's family court trial will be completed, (2) Witness-1's health will "hopefully have improved", and (3) Mr. Jones needs "additional time to investigate this case" given the Government's superseding indictment and additional discovery productions.  (See dkt. no. 62 at 1.)  Mr. Jones's arguments for additional time are unpersuasive.  First, as previously discussed, Mr. Jones advances no basis for his hypothesis that the timing of this trial is determinative of the outcome of his family court proceeding.

Second, Mr. Jones's arguments for adjournment based on Witness-1's and Witness-2's medical issues are unpersuasive. Mr. Jones merely speculates that Witness-1's "health will hopefully have improved" by February 2022 and only "expects" Witness-2 to remain hospitalized "for the next several months." (See dkt. nos. 62 at 1, 74 at 1.)  For the reasons previously discussed, allowing both witnesses to testify via live videoconference or allowing Witness-1 to testify by remote video and entering a limited testimonial stipulation pertaining to

Witness-2's proposed testimony enables each witness to avoid travel and alleviates any need to adjourn this trial.

Finally, the Court is not persuaded by Mr. Jones's arguments regarding inadequate time to prepare his defense.  Mr. Jones argues that an adjournment is necessary given (1) the complexity of the case, (2) the Government's superseding indictment, and (3) the Government's voluminous discovery productions.  (See dkt. no. 62 at 1.)  This Court scheduled trial six months in advance, which provided sufficient time for Mr. Jones to prepare his defense.  (See dkt. no. 24 at 7:20-8:3.)  The Government's superseding indictment filed on September 7, 2021 did not add new charges or alter the charging language of the existing three counts, as Mr. Jones acknowledges.  (See dkt. nos. 46, 62 at 3, 64 at 3.)  Moreover, the Government provided the majority of the newly specified counterfeit documents in its production to Mr. Jones in February 2021.  (See dkt. no. 64 at 3.)  Finally, the Court is not persuaded that the Government's production of 7,000 pages on September 28, 2021 warrants an adjournment.  (Id.)  The Court agrees with the Government that one month is adequate for Mr. Jones to review this production, which mostly contains drafts of legal documents.

## III.   <u>Conclusion</u>

For the foregoing reasons, Defendant's motion for

reconsideration or, in the alternative, for an adjournment of

trial until after February 4, 2022 (dkt. nos. 62, 74), is

<u>DENIED</u>.

The Clerk of the Court shall close the open motions.

<u>**SO ORDERED.**</u>

Dated:    October 25, 2021
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

10