```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>-against-<br><br>DEREK JONES,<br><br>                    Defendant. | No. 21-CR-59 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of the letter motion filed by Inner City Press / Community on the Move, Inc. ("Inner City Press") and its reporter, Matthew Russell Lee, (together with Inner City Press, the "Proposed Intervenors"), requesting to intervene in the above-captioned case and unseal certain docket entries.  (See dkt. no. 206.)  The Court has also reviewed the Government's letter response, in which the Government asserts that certain of the docket entries should remain sealed and certain of the docket entries may be unsealed with redactions to protect the privacy and identity of innocent third parties, (see dkt. no. 211 [the "Gov't Response"]), Defendant's response, (see dkt. no. 212), and the Proposed Intervenors' reply letter, dated April 16, 2024.  For the reasons set forth below, the Court grants in part and denies in part the request to unseal filed by the Proposed Intervenors.

1

**I.  Background**

On November 10, 2022, the Court held a conference in the above-captioned case, (the "Conference"), to address, among other things, the Government's request to remand Defendant prior to his sentencing hearing.  (See Gov't Response at 1.)  At the Conference, the parties addressed the ex parte letters the Government had submitted to the Court explaining its request for remand, dated October 27, 2022, and November 8, 2022, respectively.  (See dkt. no. 133 [the "Government's October Pre-Conference Letter"]; see also dkt. no. 144 [the "Government's November Pre-Conference Letter"].)  On November 8, 2022, Defendant filed under seal a letter respecting the upcoming Conference.  (See dkt. no. 143 ["Defendant's Pre-Conference Letter," and, together with Government's October Pre-Conference Letter and the Government's November Pre-Conference Letter, the "Pre-Conference Letters"].)  At the conclusion of the Conference, the Court ruled on the Government's remand request.

On March 25, 2024, the Proposed Intervenors submitted a letter asking the Court to order the unsealing of the Pre-Conference Letters, the exhibits attached thereto, and the transcript of the Conference.  (See dkt. no. 206 at 2-3.)  According to the Proposed Intervenors, Defendant has sued the Proposed Intervenors for defamation in the Central District of California for their coverage of the Conference.  (See id. at 2.)  On April 1, 2024, the Court

ordered the parties to respond to the Proposed Intervenors' letter and ordered the Government to solicit responses or objections, if any, to unsealing made by the "ex-girlfriends" of Defendant whom the Proposed Intervenors noted were mentioned by the parties at the Conference.  (See dkt. no. 207.)

In the response it filed on April 10, 2024, the Government consented to the unsealing of Exhibit C to the Government's October Pre-Conference Letter, consented to the partial unsealing of the Government's October and November Pre-Conference Letters and of the transcript of the Conference, opposed the unsealing of Exhibits A and B to the Government's October Pre-Conference Letter, and opposed the unsealing of the Defendant's Pre-Conference Letter and each of the four exhibits attached thereto.  (See Gov't Response at 4-5.)  Simultaneous to the filing of its response, the Government submitted to the Court and to counsel for Defendant its proposed redactions to the Government's October and November Pre-Conference Letters and to the transcript of the Conference.  On April 16, 2024, the Proposed Intervenors submitted their reply.  On April 19, 2024, Defendant filed a response in which he indicated he did not object to the unsealing of any document.  (See dkt. no. 212.)  The same day, the Government notified the Court that one of Defendant's ex-girlfriends had made an objection to unsealing personal and identifying information about her and that the other ex-girlfriend had not responded to the Government's inquiry.

3

## II. Applicable Law

Both common law and constitutional principles guide the Court's analysis of the Proposed Intervenors' request to unseal. Common law provides a right of public access to judicial documents. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). To determine whether that right attaches to a particular document, courts in the Second Circuit must engage in a three-step analysis. See United States v. Akhavan, 532 F. Supp.3d 181, 184 (S.D.N.Y. 2021).

First, the court must determine whether the documents at issue are "judicial documents," to which a presumption of public access attaches. Lugosch, 435 F.3d at 119. To be a judicial document, the "item filed must be relevant to the performance of the judicial function and useful in the judicial process[.]" United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I").

Second, the court must determine the weight of the presumption to be afforded to the judicial document. See Lugosch, 435 F.3d at 119. The weight a court affords that presumption is "governed by the role of the material at issue in the exercise of the Article III judicial power and the resultant value of such information to those monitoring the federal courts." United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II").

Finally, the court "must 'balance competing considerations'" against the weight of the presumption of access, which includes

4

"'the privacy interests of those resisting disclosure.'" Lugosch, 435 F.3d at 120 (quoting Amodeo II, 71 F.3d at 1050). In particular, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." Amodeo II, 71 F.3d at 1050 (cleaned up). Such interests "are a venerable common law exception to the presumption of access." Id. at 1051.

In addition, the public and the press "have a 'qualified First Amendment right . . . to access certain judicial documents.'" Lugosch, 435 F.3d at 120 (quoting Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 90 (2d Cir. 2004)). When a movant challenges the sealing of a document, the Court considers "whether the documents have historically been open to the press and general public," whether "public access plays a significant positive role in the functioning of the particular process in question," and "the extent to which the judicial documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings." Id. (internal quotations and citations omitted) (cleaned up). However, because the First Amendment right of access to judicial documents is qualified, the Court may order the sealing of documents if it makes "specific, on-the-record findings" that sealing is necessary "to preserve higher values and is narrowly tailored to serve that interest." Id.

### III. Discussion

Pursuant to Federal Rule of Civil Procedure 24(b), the Court grants the Proposed Intervenors' request to intervene in this case to seek the unsealing of specific documents. See Fed. R. Civ. P. 24(b); see also Trump v. Deutsche Bank AG, 940 F.3d 146, 150 (2d Cir. 2019) (recognizing a "right of news media to intervene . . . to seek unsealing of documents filed in a court proceeding").

The Proposed Intervenors request the unsealing of the transcript of the Conference, as well as the Pre-Conference Letters the parties submitted under seal shortly before and in connection with the Conference.  The Pre-Conference Letters—which are listed as docket entries 133, 143, and 144—pertain to varying degrees to the status of Defendant as he awaited sentencing and contained exhibits attached thereto.  The Pre-Conference Letters provided certain information upon which the Court relied when it ordered the modification of the terms of Defendant's pre-sentencing release.  Accordingly, each of the Pre-Conference Letters is a judicial document to which a presumption of access attaches. See Lugosch, 435 F.3d at 119.

However, as the Government notes, (see Gov't Response at 4), the Pre-Conference Letters contain sensitive personal information in significant detail about multiple innocent third parties, the revelation of which the Court finds is highly likely to cause harm

6

to those third parties' privacy interests and potentially likely to cause harm to their reputations.  Much of this information relates to allegations of abuse in Defendant's romantic relationships with them or to other highly sensitive personal information that is irrelevant to any issue in the instant case. The information contained in the Pre-Conference Letters that could be used to identify those innocent third parties—including information that a member of the public or the press could use in connection with information that is already publicly available on the docket to identify them—is a sufficiently compelling reason for the redaction of such information in the Pre-Conference Letters.  See Amodeo II, 71 F.3d at 1050.

Therefore, the Court concludes that redacting specific identifying information about the innocent third parties mentioned in those Pre-Conference Letters is a sufficiently narrow solution to preserve their privacy interests.  See Lugosch, 435 F.3d at 120. In other words, while the Court's reliance upon the Pre-Conference Letters in its determination about the Government's remand request justifies their public docketing, all information therein that could be used to identify innocent third parties and all sensitive personal information about such parties shall be redacted from the Pre-Conference Letters.

The Court reaches the same conclusion with respect to the transcript of the Conference.  The Conference was open to the

public and the press, and the Court relied upon information supplied by the parties at the Conference in making its determination about the Government's request for remand. Accordingly, a presumption of access attaches that warrants the filing of the transcript of the Conference on the public docket. See Amodeo I, 44 F.3d at 145; Lugosch, 435 F.3d at 120.  However, each mention by the parties and by the Court of identifying information of innocent third parties, much of which is highly sensitive, requires redaction to preserve their interest in privacy.  See Amodeo II, 71 F.3d at 1050; Lugosch, 435 F.3d at 120.

Finally, the Government attached three exhibits to its October Pre-Conference Letter, Exhibits A through C, and Defendant attached four exhibits to his Pre-Conference Letter, Exhibits A through D.  With the exception of Exhibit C to the Government's October Pre-Conference Letter, (dkt. no. 133), which the Government agrees may be unsealed without redactions, the Government opposes the unsealing of these exhibits because "'virtually the entire text'" of each of the documents "would need to be redacted to protect the privacy interests of the innocent third parties discussed" therein.  (See Gov't Response at 5 (quoting Amodeo II, 71 F.3d at 1053).)  The Government also argues that Exhibits A through D to Defendant's Pre-Conference Letter do not constitute judicial documents to which a presumption of public access attaches.  (See id.)

8

The Court agrees with the Government that Exhibits A through D to Defendant's Pre-Conference Letter should remain under seal. Each of the documents Defendant attached to his Pre-Conference Letter would require near complete redaction to protect the privacy interests of third parties. Practically the entirety of each of Exhibits A through D is sensitive, identifying information about innocent third parties whose privacy interests are at stake. The Court therefore exercises its discretion to deny public access to each of those documents. See Amodeo II, 71 F.3d at 1053. The Court also finds that the compelling privacy interests held by the innocent third parties mentioned in Exhibits A through D to Defendant's Pre-Conference Letter overcomes the presumption of public access that attaches to them as judicial documents. See id. at 1050. Further, as the Government notes in its letter, and upon a review of each of the documents currently under seal, the Court concludes that Exhibits A through D to Defendant's Pre-Conference Letter bear minimal relation to the substance of the defamation lawsuit the Proposed Intervenors are defending, providing further support to the Court's conclusion that these exhibits should remain under seal.

The Court reaches the same conclusion with respect to Exhibit B to the Government's October Pre-Conference Letter. Protecting the privacy interests of the innocent third parties mentioned therein would require the redaction of virtually the entire text

9

of the exhibit, which bears minimal relation to the defamation lawsuit the Proposed Intervenors face.  Accordingly, Exhibit B to the Government's October Pre-Conference Letter shall remain under seal.

However, the Court concludes that Exhibit A to the Government's October Pre-Conference Letter shall be filed publicly on the docket with redaction of information that could be used to identify the innocent third parties mentioned therein.  Exhibit A to the Government's October Pre-Conference Letter contains information that the Court considered in its determination of the Government's request for Defendant's remand.  As such, it is a judicial document to which the presumption of access attaches. See Lugosch, 435 F.3d at 119.  However, as with the other judicial documents described above, the Court concludes that redacting sensitive identifying information about innocent third parties provides sufficiently narrow protection of those third parties' privacy interests while providing the public other information to which it has a right.  Accordingly, a redacted version of Exhibit A to the Government's October Pre-Conference Letter shall be docketed publicly.

### IV. Conclusion

Pursuant to the above, the Clerk of the Court shall unseal only Exhibit C to docket entry number 133, the October 27, 2022, Pre-Conference Letter the Government filed.

The Government shall file publicly on the docket both Pre-Conference Letters the Government filed, (see dkt. nos. 133 and 144), and the transcript of the Conference, with the specific redactions to such documents that the Government has already proposed to the Court.  The Government shall submit to the Court, no later than April 22, 2024, proposed redactions to Defendant's Pre-Conference Letter and to Exhibit A to the Government's October Pre-Conference Letter, which redactions shall conceal sensitive identifying personal information of innocent third parties consistent with the redactions the Government has already proposed to the Government's October and November Pre-Conference Letters and to the transcript of the Conference.  After the Court reviews such proposed redactions to Defendant's Pre-Conference Letter and to Exhibit A to the Government's October Pre-Conference Letter, the Government shall file redacted versions of those documents on the public docket.  Exhibits A through D to Defendant's Pre-Conference Letter and Exhibit B to the Government's October Pre-Conference Letter shall remain under seal.

**SO ORDERED.**

Dated:    April 19, 2024
          New York, New York

_Loretta A. Preska_
LORETTA A. PRESKA
Senior United States District Judge